**Commonwealth v. Payero**

---

C.P. of Berks County, no. 5170-08.

*John T. Adams, district attorney,* for Commonwealth.
*Laney Payero,* pro se.
*Osmer S. Deming,* former PCRA counsel.

SCHMEHL, *P.J.,* September 8, 2010—The defendant/
appellant, Laney Payero, ("appellant") appeals from this
court's denial of the appellant's motion for post conviction
collateral relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Factual Background*

This case stems from the fatal shooting of a Reading
woman at work on a night shift in a fast-food restaurant.
On Wednesday, July 18, 2007, at 3:30 a.m., there was a
shooting at the drive-through window of the McDonald's
restaurant located at 9th and Spring Streets in Reading,
Berks County, Pennsylvania ("McDonald's restaurant").
Police Officer Chris Dinger ("Officer Dinger"), Reading
Police Department, was dispatched to the McDonald's
restaurant. When officer Dinger arrived, he observed a
female McDonald's employee ("the victim") on the floor
of the drive-through section of the McDonald's restaurant,
with a gunshot wound to the left side of her head. The
victim was later identified as Shawnee Koch, who was
forty years old at the time of her death.

At 3:37 a.m. on July 18, 2007, Emergency Medical
Technician Dave Ciabattoni ("E.M.T. Ciabattoni") was
dispatched to the McDonald's restaurant. When E.M.T.
Ciabattoni arrived, he observed a victim on the floor of the
drive-through section of the McDonald's restaurant, with
an apparent gunshot wound to the left side of her head.

The victim was transported to the emergency room

of the Reading Hospital and Medical Center. Dr. Eugene Reilly, Reading Hospital and Medical Center Trauma and Surgical Intensive Care Unit, later pronounced the victim dead from a gunshot wound to the head. The next day, Dr. Neil A. Hoffman, Forensic Pathologist at Reading Hospital and Medical Center, performed an autopsy on the body of the victim, and determined the cause of death to be a gunshot wound to the head.

On July 18, 2007, at 6:00 a.m., officer Robert Gilbert ("officer Gilbert"), Reading Police Department, was detailed to the 1200 block of North Mill Street, Reading, PA, regarding an attempted arson. Officer Gilbert located a blue four door 1992 Honda Accord LX, with the license plate "GSY-3691" ("the vehicle"). The vehicle was registered to Florencio Sanchez, residing at 827 Douglas Street, Reading, Pennsylvania. Sergeant Phil Bentz ("Sgt. Bentz"), Reading Police Department, responded to the 1200 block of North Mill Street, Reading, PA, and observed a discharged shell casing lying on the rear driver side floor of the vehicle, in plain view. Sgt. Bentz also observed a burn pattern on the front driver seat of the vehicle. Vince's Towing towed the vehicle to the sallyporte at City Hall, where it was secured. Later that morning, C.I. Ivan Martinez ("C.I. Martinez"), Reading Police Department, interviewed the owner of the vehicle, Florencio Sanchez. Florencio Sanchez told C.I. Martinez that the vehicle had been stolen from the parking lot off of the 800 block of Douglass Street, Reading, PA, and that the burn marks had not been there the previous day.

B. *Procedural Background*

The commonwealth charged the appellant, born April

29, 1989, and two co-defendants for the above-described murder and related crimes. The appellant was charged with ten (10) crimes: murder of the second degree; murder of the third degree; Robbery; Aggravated Assault of the first degree; Aggravated Assault of the second degree; Theft by Unlawful Taking or Disposition; Receiving Stolen Property; Possessing Instruments of Crime; Conspiracy to Commit Robbery; and, Conspiracy to Commit Theft by Unlawful Taking.

On April 13, 2009, a jury pool was assembled for jury selection and the commonwealth and defense were ready to proceed to trial when the appellant attempted to enter into a plea bargained *nolo contendere* plea. The appellant, however, was unable to complete the plea colloquy, and the court proceeded to jury selection. After the jury was selected but before trial could begin, appellant waived his right to a jury trial, opted to take a plea of *nolo contendere*, and participated in the plea colloquy.

The court went through an extensive oral colloquy with the defendant. As a result of the *nolo contendere* plea, the charges were reduced to murder of the third degree only, and appellant was sentenced to 10-20 years imprisonment for his crime, with credit for time served. Appellant was represented by private counsel through the time of his plea.

The appellant then filed a check-the-box motion for Post Conviction Collateral Relief ("PCRA Petition") on July 1, 2009. Therein, the appellant asserted that there was a constitutional violation which undermined the truth-determining process such that a reliable adjudication could not have taken place; ineffective assistance of counsel; guilty plea unlawfully induced; and, unavailability of exculpatory evidence subsequently available. This court

appointed PCRA counsel, who later submitted a "No Merit Letter" pursuant to *Finley* and *Turner*. This court reviewed PCRA counsel's no merit letter and found its reasoning and conclusions to be sound.

On February 17, 2010, PCRA counsel filed a motion for leave to withdraw appearance. On March 8, 2010, appellant filed a notice of intent to proceed Pro Se. On that same date, this court entered a notice of intent to dismiss appellant's PCRA petition. On April 1, 2010, this court granted PCRA counsel's motion for leave to withdraw appearance, and denied appellant's PCRA petition, without hearing.

On April 29, 2010, the appellant filed an appeal ("notice of appeal to the Superior Court") from this court's denial of the PCRA petition. This court entered a 1925(b) order on May 21, 2010, directing appellant to file a concise statement of errors complained of on appeal.

## II. DISCUSSION

This court is unable to address the exact errors complained of on appeal in appellant's present appeal from the denial of the PCRA petition, because the appellant has not yet filed a concise statement of errors complained of on appeal, pursuant to this court's 1925(b) order. However, in appellant's notice of appeal to the Superior Court, appellant listed a section entitled "The question presented is," the subsections of which this court addresses briefly, below. This court then also briefly addresses the appellant's claims in his original PCRA petition.

### A. *Appellant's Notice of Appeal*

In appellant's "the question presented is" section of his notice of appeal to the Superior Court, the appellant listed the following five matters, summarized below:

1. The common pleas court relied on insufficient evidence to find beyond a reasonable doubt that the appellant participated in committing any crime;

2. The appellant was denied rights under the confrontation clause to confront a witness with testimony against him;

3. Ineffectiveness of trial/guilty colloquy counsel, insofar as trial/guilty colloquy counsel "threatening" appellant with the recommendation that appellant take a guilty plea, rather than face a probability of a conviction at trial;

4. The trial court erred in accepting PCRA counsel's *Finley* letter, and in dismissing appellant's PCRA petition without a hearing; and,

5. Trial/guilty colloquy counsel was ineffective for failure to preserve all of appellant's issues.

Appellant's first matter bears no clear relation to the proceedings in this case. This court did not, in fact, find beyond a reasonable doubt that the appellant participated in the crime and of course would not have acted as factfinder at trial. The case did not proceed to trial, and the appellant instead decided to take a plea, rather than face the likelihood of a conviction at trial. In doing so, the appellant benefitted from reduced charges against him, and advance knowledge of the outcome of the case.

Notwithstanding the above, as the commonwealth indicated during the colloquy, there was considerable evidence that would have been presented against the appellant, had the appellant chosen to go to trial to defend the charges against him. The commonwealth indicated it would prove that appellant was present when the co-defendants discussed the plans for the robbery, and then

appellant supplied the co-defendants with information to procure the gun to commit the robbery, acted as lookout during the robbery which resulted in the victim's death, and made phone calls to the co-defendants while he acted as lookout during the robbery. Further, there was video footage of the appellant running around the side of the McDonald's to assume his position as look out during the robbery, as well as ample records of the phone calls between the appellant and the co-defendants throughout the robbery. Additionally, one of the two co-defendants had already been found guilty at trial, and the other had already entered into a guilty plea. Although this court did not find, and here could not have found, beyond a reasonable doubt against the appellant, because of the nature of the proceedings at hand, the evidence presented at colloquy proceeding indicated a likelihood of conviction, which factored strongly into appellant's decision to take a plea.

Appellant's claim of a denial of his right to confront witnesses against him also has no bearing in the proceedings in this case. In keeping with the above, when the appellant opted to take a plea and avoid the likelihood of conviction if he proceeded to trial, he benefitted from reduced charges and advance knowledge of the outcome of the case against him, but he also waived his right to trial, which would have included the proceeding presenting the witnesses against him. Inherently, by pleading *nolo contendere*, the legal equivalent of a guilty plea, the appellant waived trial proceedings.

This court also found that appellant's claim of ineffectiveness of counsel was meritless. In evaluating claims for ineffectiveness of counsel, a court presumes counsel to have been effective. To overcome this

presumption, the appellant must meet the requirements of a three-prong test. First, appellant must show that the underlying claim is of merit; second, that counsel had no reasonable basis for the action or inaction taken; and third, that appellant has been prejudiced by the action or inaction, such that the outcome of the proceedings would have been different but for trial counsel's action or inaction. *Commonwealth v. Washington*, 592 Pa. 698, 713, 927 A.2d 586, 594 (Pa. 2007) (internal quotations and citations omitted).

In trial counsel's representation of the appellant, this court saw no indication of any ineffectiveness. Trial counsel, in advising the appellant to take a plea rather than face a likely conviction at trial, in so doing gave the appellant sound legal advice, and made a realistic assessment of the possible outcomes. Trial counsel's advice on the record at the plea colloquy that the *nolo contendere* plea was the legal equivalent of a guilty plea was accurate, and recommendation that the appellant would face a less severe outcome if he were to take the plea was sound legal advice firmly grounded in reasonable basis, and advice that any competent attorney would likely have given to their client in the same situation. As such, this court finds there to be no merit to this claim of ineffectiveness of counsel.

As to appellant's claim of error by this court in accepting PCRA counsel's *Finley* letter, and dismissing appellant's PCRA petition without hearing, this court again believes this claim to be meritless. To the contrary, this court acted within the guidelines of the Post Conviction Relief Act, wherein after PCRA counsel submitted a *Finley* letter of no merit, and PCRA counsel submitted a petition to withdraw as counsel, this

court conducted an independent review of the file and determined the issues raised by appellant were indeed meritless. This court then granted PCRA counsel's petition, and entered a notice of intent to dismiss appellant's PCRA petition. Finally, this court dismissed appellant's PCRA petition. This court was in thorough agreement with PCRA counsel that appellant's claims were without merit, and that there was no factual support in the record for appellant's claims in his PCRA petition.

Finally, with respect to appellant's last claim marked in his appeal to Superior Court, as stated above, again, this court found there to have been no ineffectiveness on the part of trial counsel.

## B. *Appellant's PCRA Petition*

In Appellant's original check-the-box PCRA petition, he claimed eligibility for relief premised on the following four claims, summarized below:

1. A violation of his constitutional rights which undermined the truth-determining process such that no reliable adjudication could have taken place;

2. Ineffective assistance of counsel;

3. Guilty plea unlawfully induced; and,

4. Unavailability of exculpatory evidence at the time of trial which had since become available.

This court found PCRA counsel's *Finley* letter to thoroughly address the appellant's PCRA petition claims. As indicated above, this court conducted an independent review of the record, and arrived at its own conclusion that there was no merit to appellant's PCRA petition claims. As such, this court found PCRA counsel's *Finley*

letter to more than adequately delineate the inadequacies of appellant's PCRA petition.

To conclude, in sum, this court found that: the evidence that was to be presented at trial against the appellant was likely to lead to appellant's conviction; appellant's trial and plea counsel was effective in his representation of appellant; appellant entered into a plea knowingly, voluntarily and intelligently; and, the reasoning of PCRA counsel's no merit letter was sound in its evaluation that appellant's petition was without merit, and such that dismissal of appellant's PCRA petition, and the allowance of appellant's PCRA counsel to withdraw, were both appropriate.

As such, for the above stated reasons, this court respectfully recommends that the instant appeal be denied.